# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2024-KA-00634-COA

**KENDAL WAYNE BODIE A/K/A KENDAL W. BODIE A/K/A KENDAL BODIE**　　　　　　　　　　**APPELLANT**

**v.**

**STATE OF MISSISSIPPI**　　　　　　　　　　　　　　　　　　**APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 03/06/2024 |
| TRIAL JUDGE: | HON. LAWRENCE PAUL BOURGEOIS JR. |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CIRCUIT COURT, FIRST JUDICIAL DISTRICT |
| ATTORNEYS FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER BY: W. DANIEL HINCHCLIFF STACY L. FERRARO |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: ABBIE EASON KOONCE |
| DISTRICT ATTORNEY: | WILLIAM CROSBY PARKER |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 11/25/2025 |
| MOTION FOR REHEARING FILED: | |

**BEFORE CARLTON, P.J., McDONALD AND EMFINGER, JJ.**

**CARLTON, P.J., FOR THE COURT:**

¶1. Kendal Bodie was indicted on two counts of sexual battery and one count of touching a child for lustful purposes, all committed against his minor daughter, K.B.[1] Bodie's first trial ended in a mistrial, which the trial court granted on Bodie's motion. Following Bodie's second trial, he was convicted of all three counts. The Harrison County Circuit Court sentenced Bodie to serve two consecutive thirty-year terms in the custody of the Mississippi

---

[1] In the interest of privacy, we use initials for the minor victim.

Department of Corrections for the sexual battery convictions and an additional fifteen-year term for the lustful touching conviction set to run concurrently with the sexual battery sentences, for a total of sixty years to serve. After the trial court denied his post-trial motion, Bodie appealed.

¶2. On appeal, Bodie argues that his second trial violated his constitutional protection against double jeopardy. Finding no error, we affirm Bodie's convictions and sentences.

## ANALYSIS

¶3. Bodie's sole issue on appeal is that his second trial—the one resulting in his convictions—violated his constitutional protection from double jeopardy. Accordingly, we limit our recitation of the facts to those relevant to the only issue before us.

¶4. We must first address a procedural matter. In his appellate brief, Bodie acknowledges that he makes his argument concerning double jeopardy for the first time on appeal. Because "the protection against double jeopardy is a fundamental right, this Court will not apply a procedural bar" and will address the merits of Bodie's claim. *Bateman v. State*, 125 So. 3d 616, 627 (¶35) (Miss. 2013). This Court applies a de novo review to claims of double-jeopardy violations. *Id*.

¶5. The Double Jeopardy Clause of the United States Constitution provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb[.]" U.S. Const. amend. V. "This amendment applies to the states through the Due Process Clause of the Fourteenth Amendment." *Goforth v. State*, 70 So. 3d 174, 188 (¶64) (Miss. 2011). Additionally, the Double Jeopardy Clause of the Mississippi Constitution provides, "No

person's life or liberty shall be twice placed in jeopardy for the same offense; but there must be an actual acquittal or conviction on the merits to bar another prosecution." Miss. Const. art. 3, § 22. "The Fifth Amendment protection against double jeopardy attaches in any criminal proceeding in Mississippi at the moment the trial jury is selected and sworn to try the case." *Wilson v. State*, 343 So. 3d 1041, 1045 (¶9) (Miss. 2022). The record reflects that in Bodie's first trial, "the jurors were empaneled and sworn in before the trial court granted a mistrial. Therefore, the protections afforded by double jeopardy had attached." *Id*.

¶6. Bodie maintains that because his first trial ended in a mistrial after the jury was selected and sworn to try the case, his second trial resulted in double jeopardy. The record shows that Bodie moved for a mistrial during the testimony of the State's first witness, and the trial court granted his motion. The Mississippi Supreme Court has held that "[g]enerally, a defendant who moves for mistrial is barred from later complaining of double jeopardy. To overcome this bar, [Bodie] must show that error occurred and that it was committed by the prosecution purposefully to force [Bodie] to move for a mistrial." *Jenkins v. State*, 759 So. 2d 1229, 1234 (¶17) (Miss. 2000) (citation omitted). "Without proof of judicial error prejudicing the defendant, or 'bad faith prosecutorial misconduct,' double jeopardy does not arise." *Id*.

¶7. Bodie argues on appeal that during his first trial, the State willfully and strategically disobeyed the trial court's pre-trial orders and elicited prohibited testimony from the State's first witness. The record reflects that in a pre-trial motion, the State asked the trial court to prohibit Bodie from eliciting testimony about K.B.'s subsequent pregnancy by another male.

3

Subsequently, Bodie filed a motion pursuant to Mississippi Rule of Evidence 412(b)(1)(A)[2] seeking to admit evidence that at the time K.B. attended therapy, she was pregnant and expecting a child with another man. Bodie stated that he believed K.B. or other State's witnesses would testify that K.B. attended therapy because of the psychological and emotional injury she suffered as a result of Bodie's sexual abuse; however, Bodie submitted that K.B. "routinely related to her therapist that she was depressed and anxious about issues concerning the father of her unborn child." Bodie argued that unless the jury is fully informed about K.B.'s emotional state while she was in therapy, the jury may incorrectly believe that Bodie's abuse was the sole reason K.B. was in therapy.

¶8.    A few days before Bodie's first trial, the trial court held a hearing on the motions. The State informed the trial court that it did not intend to call K.B.'s therapist to testify at trial. However, the State argued that it had "the right" to ask K.B. to testify "that she has gone to therapy, when she started [therapy]," and "any results she had [in therapy] as it relates to the trauma she suffered" by Bodie. The State asserted that K.B. could provide this testimony without "opening the door of [Rule] 412." Defense counsel responded that if K.B. testified and "leads the jury to believe that [Bodie's actions are] the reason she went to all of this therapy," then defense counsel "should be able to then cross-examine her about the fact that the reason she went to therapy . . . is because she was 14 years old and pregnant." After hearing arguments, the trial court ruled that any testimony about K.B.'s therapy was "more

---

[2] Mississippi Rule of Evidence 412(b)(1)(A) allows the trial court to "admit evidence of: (1) specific instances of a victim's past sexual behavior: (A) with a person other than the defendant, if offered by the defendant to prove that someone else was the source of . . . pregnancy[.]"

prejudicial than probative" and ordered the parties to "stay away from it."

¶9.     At trial, the State called K.B.'s aunt Casey as the first witness. Casey testified that after K.B. disclosed Bodie's abuse to law enforcement, K.B. moved in with Casey and her family. Casey confirmed that at the time of trial, K.B. had lived with her for approximately two and a half years. The State asked Casey, "How has that impacted your family?" Casey responded, "It's been very stressful financially. I work a lot now. I'm not able to be at home much with my kids and do the things that we used to do. We have to go to therapy a lot for her[,]" referring to K.B.

¶10.    Defense counsel immediately objected and moved for a mistrial. The trial judge excused the jury and then heard arguments from the parties on defense counsel's motion for a mistrial. Defense counsel argued that the State "clearly did not advise" Casey about the trial court's ruling prohibiting any testimony about K.B.'s therapy, despite the fact that "this was addressed repeatedly in pretrial motions ad nauseam." The State countered that it *had* advised Casey about the trial court's ruling and argued that Casey's statement did not result in any prejudice to Bodie. The State suggested that the trial court admonish the jury to disregard Casey's statement and also give a limiting instruction.

¶11.    The trial judge ultimately granted Bodie's motion for a mistrial, stating, "We had gone over [the ruling that any testimony about K.B.'s therapy was prohibited] last week, went over it again Tuesday." The trial judge commented that his ruling on the mistrial might be different if Casey had said "we had to go to therapy" instead of "we had to go to therapy *for her*." (Emphasis added).

5

¶12. On appeal, the State argues that Bodie failed to meet his burden of showing that the State purposefully committed error to force Bodie to move for a mistrial. We agree. The transcript reflects that the State assured the trial court that it had instructed its witnesses to not mention K.B.'s therapy. During Casey's testimony, the State did not ask her any questions about K.B.'s therapy. Instead, Casey offered the prohibited statement in response to the State's question about how K.B.'s presence in Casey's home for the past two and a half years had impacted Casey's family. We find nothing in the record to suggest that the State could have anticipated Casey answering its question with a comment about K.B. attending therapy. Additionally, we agree with the State's assertion that a mistrial created no advantage for the State. Bodie's trial had just started, and Casey was the first witness. Bodie's subsequent retrial was held a week later, and the transcript reflects that the State called the same witnesses as it planned to call during the first trial.

¶13. After our review, we find that Bodie's subsequent retrial did not violate his right against double jeopardy. We therefore find no error, and we affirm Bodie's convictions and sentences.

¶14. **AFFIRMED.**

**BARNES, C.J., WILSON, P.J., WESTBROOKS, McDONALD, LAWRENCE, McCARTY, EMFINGER, WEDDLE AND LASSITTER ST. PÉ, JJ., CONCUR.**

6